UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMAL SUMLER,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:16cv1600(RNC) |
| CAROL CHAPDELAINE, ET AL.,<br>    Defendants. | :<br>:<br>: |

**<u>RULING ON PENDING MOTIONS</u>**

Plaintiff, Jamal Sumler, is currently incarcerated at the Bridgeport Correctional Center in Bridgeport, Connecticut. He initiated this action by filing a civil rights complaint against Warden Carol Chapdelaine, Deputy Warden Hines, Dr. David S. Karimeddini, Nurse Barbara LaFrance and John Doe/Jane Doe of University of Connecticut Correctional Managed Health Care. Compl., ECF No. 1.

On January 23, 2017, the Court dismissed all claims against defendants Chapdelaine, Hines and LaFrance and concluded that the allegations asserted against defendants Karimeddini and John Doe/Jane Doe stated plausible claims of deliberate indifference to medical needs. Initial Review Order, ECF No. 7.

The plaintiff has filed a motion for summary judgment and a motion for appointment of counsel. For the reasons set forth below, the motions are denied.

**I. Plaintiff's Motion for Summary Judgment [ECF No. 23]**

The plaintiff's motion is one page in length and includes

two sentences.  The plaintiff states that he is entitled to $500,000.00 in damages for the defendants' deliberate indifference to a serious medical need and is also entitled to $500,000.00 for pain and suffering.  The motion, however, is not signed by the plaintiff.

Rule of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Because the motion for summary judgment is unsigned, it does not comply with Rule 11, Fed R. Civ. P. and must be denied.  Even if the motion were signed, it is deficient in a number of other ways.

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is "entitled to judgment as a matter of law."  Rule 56(a), Fed. R. Civ. P.  The plaintiff offers no facts and has presented no legal argument in support of his claims for monetary relief.

Local Rule 7(a) requires that "[a]ny motion involving disputed issues of law shall be accompanied by a memorandum of law."  Furthermore a "[f]ailure to submit a required memorandum of law may be deemed sufficient cause to deny the motion."  *Id*.

Subsections 1 and 4 of Local Rule 56(a), require that a motion for summary judgment be accompanied by memorandum and a Local Rule 56(a)1 Statement. The "'Local Rule 56(a)1 Statement,' [must] set[s] forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." *See id.* at 1. Local Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial."

The plaintiff has not filed a memorandum, Local Rule 56(a)1 Statement, or any evidence in support of his motion. Thus, the motion for summary judgment does not comply with the requirements of Local Rules 7(a) or 56(a)1, 3 or 4. In addition, the plaintiff has failed to present evidence to demonstrate that there are no issues of material fact in dispute and that he is entitled to judgment as a matter of law. Because of deficiencies outlined above, the motion for summary judgment is denied without prejudice.

**II. Motion for Appointment of Counsel [ECF No. 22]**

The plaintiff's one-page motion includes one sentence. The plaintiff asks the court to appoint him counsel. The motion is

deficient because it is not signed by the plaintiff as required by Rule 11(a), Fed. R. Civ. P. The motion is denied for failure to comply with Rule 11(a), Fed. R. Civ. P.

Furthermore, there is no constitutional right to appointed counsel in civil cases. Thus, the appointment of counsel in a civil action is discretionary. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (district judges are afforded "broad discretion" in determining whether to appoint *pro bono* counsel for an indigent litigant in a civil case); 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added).

The Second Circuit has made clear that before an appointment is even considered in a civil action, the indigent person must demonstrate that he or she is unable to obtain counsel or legal assistance. *See Hodge*, 802 F.2d at 61. The plaintiff does not indicate that he has made any attempts to find an attorney who might be willing to represent him in this matter. Nor does the plaintiff indicate that he made any attempts to contact the Inmate Legal Aid Program with regard to any questions he might have about litigating this case.[1] Because

---

[1] Attorneys at the Inmate Legal Aid Program may be contacted at the following address and telephone number: Inmate Legal Aid Program, Bansley | Anthony | Burdo, LLC, 265 Orange Street, New Haven, CT 06510, Tel. 1-866-311-4527.

there is a possibility that the plaintiff may be able to secure legal assistance or representation independently, the motion for appointment of counsel is denied without prejudice.

## Conclusion

The plaintiff's Motion for Summary Judgment [**ECF. No. 23**] is **DENIED** without prejudice.  The Motion for Appointment of Counsel [**ECF. No. 22**] is **DENIED** without prejudice.  The plaintiff may re-file his motion for appointment of counsel at a later stage of the litigation of this case.  Any renewal of a motion for appointment of counsel shall be accompanied by a summary of any attempts by plaintiff to obtain counsel or legal assistance, including the names of the attorneys contacted, the dates upon which plaintiff made those contacts and the reasons why assistance was unavailable.

SO ORDERED at Hartford, Connecticut this 10th day of January, 2018.

_____/s/ RNC_____
Robert N. Chatigny
United States District Judge